

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOHN CALVIN BAKER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 9:08-3192-TLW-BM |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA; ) | |
| and WARDEN OF ) | |
| FCI-EDGEFIELD, ) | |
| ) | |
| ) | |
| Respondents. ) | |

This Petition for a writ of habeas corpus was filed on September 10, 2008, pursuant to 28 U.S.C. § 2241.[1] Respondents filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. and/or for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 12, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on November 14, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case.

---

[1]Since there is not a delivery date to the mail room on the envelope, the undersigned has used the date of the application as the filing date. Cf Houston v. Lack, 487 U.S. 266 (1988). See Document 1-8.

1

On November 20, 2008, Petitioner filed a memorandum in opposition to the Respondents' motion as well as a related motion for the Respondents to show how "possession of a hidden gun advanced the underlying drug offense". The Respondents filed a reply memorandum on December 2, 2008.

This matter is now before the Court for disposition.[2]

**Background**

On August 1, 2005, Petitioner was indicted in the Western District of North Carolina for possessing with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) [Count One]; being a felon in possession of a firearm which had traveled in interstate commerce, in violation of 18 U.S.C. § 922(g)(1) [Count Two]; and during and in relation to a drug-trafficking crime for which he may be prosecuted in federal court, using and possessing a firearm in furtherance of the drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1) [Count Three]. See Respondents' Exhibit A. On or about November 8, 2005, Petitioner pled guilty to Counts One and Three. See Respondents' Exhibit B [Plea Agreement]. On July 14, 2006, Petitioner was sentenced to 92 months of imprisonment as to Count One and 60 months of imprisonment as to Count Three, to be served consecutively, resulting in a total term of imprisonment of 152 months. Petitioner appealed his convictions and sentence, which the Fourth Circuit Court of Appeals affirmed on February 28, 2007.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondents have filed a motion to dismiss or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



United States v. Baker, 220 Fed.Appx. 186 (4th Cir. Feb. 28, 2007).

Petitioner thereafter filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on October 23, 2007, which the District Court for the Western District of North Carolina denied. Baker v. United States, Nos. 07-CV-339, 05-cr-223, 2007 WL 4180588 (W.D.N.C. Nov. 20, 2007). Petitioner apparently did not appeal this decision.

Petitioner then filed this federal habeas petition raising the following issues:

**Ground One**: Whether or not the District Court's Imposition of the 18 U.S.C. § 924(c) conviction against the Petitioner to address his "mere possession" of a firearm is violative of U.S. v. Hadden, 475 F.3d 652 (4th Cir. 2007) & Watson v. U.S.,- 552 U.S. --, (2007).

**Ground Two:** Whether or not the District Court's excessive and cumulative § 924(c) sentence imposed upon Petitioner is violation of Gall v. U.S., 552 U.S. -, (2007) & Kimbrough v. U.S., 552 U.S. -, (2007) Insomuch as they both recognized and mandated 18 U.S.C. § 3553(a)'s ultimate command (The Parsimony Provision) to "impose a sentence sufficient but not greater than necessary."

**Ground Three:** Petitioner is legally, factually, and actually innocent of the erroneous and unlawfully imposed 18 U.S.C. § 924(c) sentence.

See Petition.

## Discussion

The case can be decided on Respondents' assertion of grounds for summary judgment. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there

3



is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Petitioner asserts in his first ground for relief that he is entitled to habeas relief from his § 924(c) conviction because of the decision in Watson v. United States, 552 U.S. 74 (2007),[3] which held that a person who traded illegal drugs for guns did not "use" a firearm "during and in relation to any . . . drug trafficking crime" within the meaning of 18 U.S.C.A. § 924(c). Section 924(c)(1)(A) provides in the relevant section for enhanced punishment if an individual "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ."

However, the Fourth Circuit has joined the Sixth, Eighth, and Tenth Circuits in holding that § 924(c) creates distinct "use and carry" and "possession" offenses. United States v.

---

[3] Since Watson was decided subsequent to Petitioner's direct appeal and the filing of his § 2255 petition, Petitioner is pursuing his claim in a § 2241 petition. See United States v. Robinson, No. 01-10026, 2009 WL 1650486 at * 2 n. 1 (W.D.Va. June 12, 2009)[Watson claims can be pursued under § 2241, but in the interest of judicial economy dealt with the claim in Petitioner's § 2255 petition](citing Short v. Shultz, No. 08-57, 2008 WL 1984262 at *3 (W.D.Va. May 6, 2008)[finding that Watson claim was properly raised in § 2241 petition, pursuant to In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000), aff'd, 298 Fed. Appx. 246 (4th Cir. 2008), cert. denied, 129 S.Ct. 1376 (2009)); see also DeJesus v. United States, No. 08-724, 2008 WL 2697346 at **3-4 (D.N.J. July 1, 2008).



Woods, 271 Fed.Appx. 338, 343 (4th Cir. Mar. 26, 2008). The defendant in Watson was not charged with or convicted for *possession* of a firearm, but for the *use* of a firearm. Therefore, that decision is inapplicable to the possession prong of § 924(c).[4] Cf. Shifflett v. United States, No. 08-231, 2008 WL 768900 at *1 (W.D.Va. Mar. 20, 2008)[Finding Watson inapplicable to possession prong under §924(c)]. Here, Petitioner was charged with, and pled guilty to, not only use of a firearm but also to possession of a firearm. Hence, Watson does not provide Petitioner relief in this case.

As part of this Ground for relief, Petitioner also attempts to argue that the evidence did not support a 924(c) conviction. That argument was heard as part of Petitioner's direct appeal, which included a pro se supplemental brief[5] filed by the Petitioner arguing that there was insufficient evidence to support the firearm conviction. The Fourth Circuit Court of Appeals reviewed the record and found that the trial court determined that there was an independent factual basis for the plea, that because Petitioner knowingly and voluntarily pled guilty to the firearm offense that the government was not required to present evidence, found no meritorious issues for appeal, and affirmed Petitioner's conviction for "possession of a firearm during and in relation to a drug trafficking offense." United States v. Baker, 220 Fed.Appx. At 187-188. Petitioner cannot attempt to now recast this issue as a collateral attack, where the issue was raised and considered on appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

---

[4] Petitioner also relies on the decision in United States v. Hadden to support his claims. However, the Hadden decision also discussed charges for "use" of a firearm. United States v. Hadden, 475 F.3d 652 (4th Cir. 2007).

[5] Petitioner's counsel filed an Anders brief stating that there were no meritorious issues for appeal, but addressing the reasonableness of Petitioner's sentence. Anders v. California, 386 U.S. 738, 744 (1967).

5



In any event, even assuming arguendo that Petitioner could raise this issue here, he would not be entitled to relief. Although the parties have not submitted the plea record to this court, Petitioner concedes that he had a "firearm hidden in a holster underneath his shirt during the entirety of the drug transaction . . . ."[6] See Petitioner's Response in Opposition to Summary Judgment, p. 5. Petitioner argues that the firearm was "merely present" and no one else was even aware of it, so the facts do not support a "possession" charge under §924(c). However, Petitioner misconstrues the applicable law. "[T]he firearm need only have 'the potential of facilitating' the drug trade." United States v. Washington, 528 F.3d 573, 574 (8th Cir. 2008). There is no requirement that the firearm be seen or for another party to have knowledge of the firearm. Id.; see also United States v. Mercer, 541 F.3d 1070, 1076-1077 (11th Cir. 2008)[gun was hidden in a pouch under mattress]; United States v. McNeil, 285 Fed.Appx. 975, 984 (3rd Cir. 2008)[gun was in hidden compartment]; United States v. Seymour, 519 F.3d 700, 715 (7th Cir. 2008)[gun was accessible]; United States v. Bender, 183 Fed.Appx. 763, 768-770 (10th Cir. 2006)[gun was in vehicle]; United States v. Dennard, 258 Fed.Appx. 299, 303 (11th Cir. 2007). Since Petitioner admits that the gun was hidden on his body during the drug transaction, he has not shown that he is entitled to relief.

Accordingly, this issue is without merit and should be dismissed.

## II.

In Ground Two of his petition, Petitioner contends that his sentence is excessive and cumulative in violation of Gall v. United States, 128 S.Ct. 586, 590 (2007), and Kimbrough v.

---

[6]In his § 2255 case, the sentencing judge noted that "On June 27, 2006, Petitioner appeared before [United States District Judge Lacy H. Thornburg] for sentencing, during which he stipulated that there was a factual basis to support his guilty plea." Baker v. United States, 2007 WL 4180588, at *1.



United States, 128 S.Ct. 558, 564 (2007), both of which were decided after his conviction. These cases addressed the extent to which the federal sentencing guidelines are binding.

Respondents argue that neither Gall nor Kimbrough changed the law such that Petitioner's sentence is invalid, and the undersigned agrees. Cf. Fisher v. United States, No. 08-277, 2008 WL 1808796 at * 1 (W.D.Va. Apr. 21, 2008)[addressing a claim under Kimbrough and Gall, and noting that those cases "have no application where Congress has mandated by statute, and the Court has imposed, a mandatory minimum sentence"]. With regard to Petitioner's sentence for the possession of a firearm charge, the sentencing court had no discretion under the statute and sentenced the Petitioner to 60 months pursuant to 18. U.S.C. § 924(c). This claim is therefore without merit.[7]

### III.

In Ground Three of his petition, Petitioner argues that he is legally, factually, and actually innocent of the erroneous and unlawfully imposed 18 U.S.C. § 924(c) sentence. However, since Petitioner's actions as charged in Count Three qualify as criminal conduct under the possession prong of § 924(c), his claim that he is actually innocent of a § 924(c) violation fails. See discussion, supra.

---

[7]Respondents also note that collateral attacks on a federal conviction or sentence should normally be pursued through a motion under § 2255, not § 2241, and argue that Petitioner cannot demonstrate that the § 2255 remedy is inadequate or ineffective with respect to this claim in order to satisfy the gate keeping provision discussed in In re Jones, 226 F.3d 328 (4th Cir. 2000). In his petition, Petitioner concedes that he cannot satisfy the gate keeping clause; see Petition, p. 10, and he does not address Ground Two in his memorandum in opposition to summary judgment. See also, In re Jones, 226 F.3d at 333-334. Therefore, having already found that this claim is without merit, the undersigned has not addressed this argument.



**Conclusion**

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 7, 2009
Charleston, South Carolina



8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 2940**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



9