IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| John Calvin Baker, 18891-058, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 9:08-cv-3192-TLW-BM |
| | ) | |
| United States of America; and Warden of FCI-Edgefield, | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

Petitioner, John Calvin Baker ("petitioner"), brought this civil action, *pro se*, pursuant to 28 U.S.C. § 2241. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant to whom this case had previously been assigned. (Doc. #22). In the Report, the Magistrate Judge recommends that the District Court grant the respondents' motion for summary judgment and dismiss the petition. (Doc. #22). The petitioner filed objections to the report. (Doc. #24). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

After this petition was filed but before the issuance of the Report in this case, the petitioner was transferred from FCI-Edgefield in Edgefield, South Carolina to FCC Yazoo City in Yazoo City, Mississippi. (Doc. #21). The petitioner asserts in his objections that this Court no longer has jurisdiction over the petition due to his transfer, and that the Report of the Magistrate Judge must be dismissed as moot. (Doc. #24). Petitioner cites the case of United States v. Poole, 531 F.3d 263 (4th Cir. 2008), for the proposition that this Court lacks jurisdiction over the petition. The Fourth Circuit has noted that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." United States v. Edwards, 27 F.3d 564 (4th Cir. 1994) (table decision) (citing Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990)). See also Chaney v. O'Brien, 2007 WL 1189641 at *1 (W.D. Va. 2007) (federal inmate housed in Virginia but transferred to Illinois during pendency of 28 U.S.C. § 2241 petition; jurisdiction over petitioner determined at the time that the action was filed). The Court concludes there is jurisdiction to rule on the Report of the Magistrate Judge. Because the petition was properly filed in the District of South Carolina, this Court has the authority to dismiss the petition on the merits despite the petitioner's subsequent transfer to a federal correctional institution outside of this District.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #22). For the reasons articulated by the Magistrate Judge, the respondents' motion

for summary judgement is **GRANTED** and the petition in this action is **DISMISSED**.

The petitioner's motion for a ruling that the Report is moot and for dismissal of the petition for lack of jurisdiction is **DENIED**. (Doc. #25).

**IT IS SO ORDERED**.

                                                               s/Terry L. Wooten
                                           United States District Judge

August 21, 2009
Florence, South Carolina